IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN L. JONES, ADC # 150888 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 1:14CV00141-JJV |
| ROUSE, Grimes Unit; *et al.* | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Justin L. Jones ("Plaintiff") brought this action alleging that Defendants failed to protect him and denied him due process. (Doc. No. 16 at 5-6.) Now, Defendants have moved for summary judgment and argue that Plaintiff failed to exhaust his administrative remedies against Defendants Allen Rouse, Vernon Robertson, Christopher Budnic, and Ricky Davis before filing this suit.[1] Plaintiff has not responded to Defendants' Motion and the deadline for doing so has passed.

**II.   STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d

---

[1]The docket currently lists Defendant Allen Rouse simply as "Rouse." It also lists Defendant Budnic's name as "Budnik." The Clerk shall alter the docket to reflect both defendants' correct names.

1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594. In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III.  ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's failure to protect claims are governed by Administrative Directive 12-16. (Doc. No. 38-2.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5.) If the inmate is unsatisfied with the outcome of the informal resolution, he

may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) In filing a grievance, inmates must be specific as to their issues and any personnel involved. (*Id*. at 5.)

In exhausting his due process claim, Plaintiff was required to comply with Administrative Directive 13-10, also referred to as AR 831. (Doc. No. 38-6.) This directive requires inmates contesting a disciplinary finding to appeal an adverse decision, first to the unit warden , then to the ADC Disciplinary Hearing Administrator, and finally to the ADC Director. (*Id*. at 19-20.) Inmates are afforded fifteen days from each adverse decision to escalate their appeal. (*Id*. at 20.)

Defendants provide the affidavit of ADC Inmate Grievance Supervisor Barbara Williams, who states that Plaintiff exhausted only one grievance relevant to his failure to protect claims. (Doc. No. 38-1 ¶ 14.) That grievance, numbered GR-14-496, only identified Defendant Raylina Ramsey.[2] (Doc. No. 38-3 at 1.) There is no evidence that prison officials considered the conduct of any other defendant in weighing those claims. Given that Plaintiff has not submitted any argument or evidence to the contrary,[3] I find that he has failed to exhaust his administrative remedies against Defendants Rouse, Robertson, Budnic, and Davis with respect to his failure to protect claims.

I also find that Plaintiff's due process claim against Defendant Davis is precluded because of his failure to exhaust the disciplinary appeals process set out in AR 831. The affidavit of Raymond Naylor states that Plaintiff failed to appeal his adverse disciplinary decision to the Disciplinary Hearing Administrator and, by extension, to the ADC Director prior to bringing this suit. (Doc. No. 38-5 ¶ 15.) This failure deprived ADC officials of an opportunity to complete

---

[2]Defendants' brief evinces no intent to seek dismissal of Defendant Ramsey at this time. Accordingly, the claims against her will proceed.

[3]I note that Plaintiff, in his deposition testimony, affirmed his desire to continue this suit only with respect to Defendant Ramsey. (Doc. No. 38-4 at 16.)

administrative review of Plaintiff's due process claim. Here again, Plaintiff has not provided argument or evidence indicating he actually did complete this appeals process.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk of Court shall alter the docket to reflect that Defendant 'Rouse' is 'Allen Rouse' and that Defendant 'Christopher Budnik' is 'Christopher Budnic.'

2. Defendants' Motion for Summary Judgment (Doc. No. 38) is GRANTED.

3. Plaintiff's claims against Defendants Allen Rouse, Vernon Robertson, Christopher Budnic, and Ricky Davis are DISMISSED without prejudice due to his failure to exhaust administrative remedies against them.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 16th day of September, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE